WAGNER v. GARIN et al.

(Supreme Court, Appellate Division, Fourth Department. March 5, 1913.)

1. ESTOPPEL (§ 68*)—UNDERTAKING IN FORECLOSURE PROCEEDING.
    Purchasers from the mortgagor of timber on the mortgaged land, made defendants in an action to foreclose the mortgage, having therein given an undertaking to account for and pay to plaintiff any sum which he may be finally adjudged "herein" to be entitled to recover as and for his equity as against them in the wood already cut and now remaining on the premises, an injunction pendente lite against removal of such wood having been denied on condition that they give such an undertaking, they are thereby estopped to question plaintiff's right to have determined in such action whether they ought to account for and pay to him anything on account of his equity in such wood, and hence are estopped to question any appropriate amendment of the complaint to that end.
    [Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. § 68.*]

2. JUDGMENT (§ 729*)—PREVIOUS DECISION IN SAME CASE AS LAW OF THE CASE.
    The judgment of foreclosure of a mortgage, being unappealed from, becomes the law of the case; and so, it having expressly reserved for future determination in the action, in case of the premises failing on sale to satisfy the mortgage debt, the question of liability to plaintiff of defendants, who had bought the mortgagor's timber on the premises and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cut and removed it, and practically authorized amendment of the complaint to that effect, they are estopped thereby from questioning plaintiff's right to have such questions so determined, and to make such an amendment, when the court thereafter makes an order for the amendment and its service, and providing for a hearing and determination of such issue.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1262; Dec. Dig. § 729.*]

3. JUDGMENT (§ 729*)—PREVIOUS DECISION IN SAME CASE—FORECLOSURE JUDGMENT—MATTERS DETERMINED.

Purchasers from a mortgagor of standing timber on the mortgaged premises, made defendants in the action to foreclose, waive their defense, as to the timber not cut, that the purchase was with the knowledge and consent of plaintiff, by not presenting it at the trial, so that as to such timber the judgment of foreclosure is res judicata; not so, however, as to timber cut and removed, the judgment expressly reserving determination of all issues as to it, till it is shown by a sale whether the premises will satisfy the mortgage.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1262; Dec. Dig. § 729.*]

Appeal from Special Term, Cattaraugus County.

Action by Martin W. Wagner against Patrick J. Garin and others. From an order confirming the report of a referee on sale of mortgaged premises, and permitting plaintiff to serve an amended complaint, and directing trial of issues to be formed, certain defendants appeal. Affirmed.

The action was brought on or about June 1, 1911, to foreclose a purchase-money mortgage given by the defendants Garin and Paton to plaintiff on November 30, 1909, to secure the payment of $3,575, with interest. The mortgagors had defaulted in the payment of the interest due on November 30, 1910, and plaintiff, as authorized by the terms of the bond and mortgage, had elected that the whole principal should become due and payable. The mortgaged premises consisted principally of timber lands. On February 24, 1910, defendant Greenwald, a resident of Pennsylvania and president of the defendant corporation, the Alton Chemical Company, also located in Pennsylvania, entered into a contract with defendants Paton and Garin for the purchase of the standing timber on said premises suitable for the use of said Alton Chemical Company, described as the "chemical wood" timber. This contract the defendant Greenwald immediately assigned to the defendant Alton Chemical Company, and that company had cut and removed from said premises and shipped to Pennsylvania, prior to the commencement of this action, a large quantity of chemical wood timber, and then had a further large quantity cut, but not yet removed from said premises.

At the commencement of the action, plaintiff obtained ex parte an injunction order, pursuant to section 1681 of the Code of Civil Procedure, restraining defendants from cutting any more timber, and from removing from the premises the timber already cut, during the pendency of the action. A few days later this injunction was vacated ex parte, on application of defendants, as respects the timber already cut, whereupon plaintiff made a motion, on notice, for an injunction pendente lite to restrain the removal of the cut timber from the premises during the pendency of this action. On the hearing on that motion, an order was made denying the motion, on condition that the defendants Greenwald and Alton Chemical Company give an undertaking conditioned that they would "account for and pay to plaintiff any sum which said plaintiff may be finally adjudged herein to be entitled to recover as and for his equity, as against the defendants Joseph C. Greenwald and Alton Chemical Company, in the wood already cut and now remaining on the premises, whether piled or otherwise, from timber which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

grew upon said mortgaged premises. In case said undertaking is not given as hereinbefore provided, then said motion is granted, upon plaintiff giving security by law in the sum of twelve hundred dollars ($1,200.00)." Defendants Greenwald and Alton Chemical Company elected to and did give such an undertaking, and thereafter removed said timber already cut from said mortgaged premises.

In the answer of the defendant Greenwald, which, by consent, was allowed to stand as the answer, also, of the defendant Alton Chemical Company, it was, among other things, alleged that the purchase by said defendant Greenwald of said standing timber of Paton and Garin was made with the knowledge and consent of plaintiff, and that said timber was owned by the defendant Alton Chemical Company, and that, with the assent of plaintiff, said defendants Greenwald and Alton Chemical Company had advanced to the defendants Garin and Paton large sums of money on account of the purchase of said wood, and expended large sums of money in the cutting of a large portion of said wood upon said premises, with the full understanding and assent of the plaintiff that they might cut and remove said timber from said premises, and upon the good faith of such assent.

The cause came to trial at the Cattaraugus Special Term in May, 1912. Plaintiff then undertook to give proof as to his damage by reason of cutting and removing timber from the premises, basing his right to make such proof upon the order denying the motion for an injunction to restrain the removal of the wood already cut and remaining upon the premises, and the undertaking given by defendants Greenwald and Alton Chemical Company pursuant thereto. Defendants objected to this proof on the ground that no such cause of action was pleaded, whereupon plaintiff asked permission to amend his complaint to allege a cause of action for such damage, and defendants objected to such amendment being made, whereupon, apparently in view of the fact that the trial of such an issue would be unnecessary, in case the property sold for enough to pay plaintiff's mortgage, the court directed that the question should be reserved by the judgment for future disposition, in case there should be a deficiency on the sale of the mortgaged premises, and accordingly defendants Greenwald and Alton Chemical Company seem to have waived their affirmative defense, under which they sought to retain title to the standing timber bought by them which had not yet been cut—at least, they offered no evidence upon that issue, so far as appears from this record, and accordingly the usual judgment of foreclosure and sale was made, containing these additional provisions:

"Further ordered and adjudged, that if the referee's report of sale specified the amount of such deficiency, that the plaintiff may then, upon an application to the court for a confirmation of said report, be entitled to an order that the defendants Joseph C. Greenwald and Alton Chemical Company account to the plaintiff for his equity as against said defendants in the wood already cut and remaining on the premises, whether piled or otherwise, from timber which grew upon said mortgaged premises and taken therefrom by the defendants; and it is

"Further ordered and adjudged, that upon said accounting said defendants will be at liberty and have the right to make any defense thereto, and as set forth and alleged in the pleadings herein; and it is

"Further ordered and adjudged, that if it should appear upon the accounting aforesaid that the plaintiff had no equity as against the defendants Joseph Greenwald and Alton Chemical Company in and to the wood and timber cut and removed from said premises by the defendants Joseph C. Greenwald and Alton Chemical Company, or [that the equity to which plaintiff was entitled] was insufficient to satisfy the plaintiff's deficiency upon said bond and mortgage, that then the defendants Patrick J. Garin and Thomas J. Paton pay the same to the plaintiff, and the plaintiff have execution therefor; * * * and it is

"Further ordered and adjudged, that the plaintiff be and he hereby is permitted to apply to Special Term for an order to amend his complaint in said action, to embrace all the issues which may arise in reference to the cutting and removal of all wood and timber from the premises herein described after

the mortgage herein was given, and for any damages to the plaintiff resulting therefrom by reason of impairing and lessening his security or the lien of said mortgage, and asking for an accounting from the defendants Joseph C. Greenwald and Alton Chemical Company, and he may be permitted to amend the same in any other way, as he may be advised, to cover all the issues which may be raised upon said accounting."

Neither of the defendants appealed from this judgment, and on June 24, 1912, a sale of the mortgaged premises took place thereunder, and there was a deficiency of $1,670.67, whereupon, and on July 1, 1912, plaintiff noticed a motion at Special Term to confirm the referee's report of sale and for leave to serve an amended complaint, in accordance with the right so to do reserved in the judgment. The amendments proposed to. be added to the complaint stated the facts necessary to present the question as to the right of plaintiff against the defendants Greenwald and Alton Chemical Company, and among other things alleged that they had purchased from defendants Garin and Paton all the timber on the premises on or about February 24, 1910, and had proceeded to cut large quantities of standing timber, to the amount of about 1,267 cords of wood, which wood had been drawn away from the premises and shipped to the state of Pennsylvania, which had greatly depreciated the value of the premises, and rendered the same of less value than the amount of the mortgage and interest. Plaintiff also alleged the injunction orders granted and the motion to vacate the same, the order of the court, and the undertaking or bond given by defendants thereunder; the amount of the deficiency for which plaintiff claims, and avers that he has an equity in said wood, which said bond was given to protect; that said wood was a part of the real estate, and a part of the lien which remained and existed at the time of the giving of said undertaking, and that said defendants cut said wood after they had actual knowledge of the existence of plaintiff's lien thereon; that the defendants Paton and Garin are insolvent and wholly unable to pay the deficiency or any part thereof. The prayer for relief was also amended so as to ask that an account be taken of the equity which plaintiff has against the defendants Greenwald and Alton Chemical Company in the wood which was cut and left on the premises at the commencement of this action, whether piled or otherwise, from the timber which grew upon said mortgaged premises, and subsequently taken therefrom by said defendants; that said defendants account to plaintiff for the same; and that plaintiff have judgment therefor.

Defendants Greenwald and Alton Chemical Company opposed this motion to amend the complaint, mainly on the ground that they were advised by their counsel, at the time the undertaking was given by them, that there would be no liability under the undertaking, because it could not be "determined herein"—that is, in this action—that any equity existed in favor of plaintiff against them in respect to the wood already cut and remaining on the premises, or any liability on their part to the plaintiff on that account, because no such issue was presented by the pleadings in the case, and hence that they might safely give the undertaking without risk of liability. Nevertheless the court at Special Term made the order appealed from, permitting service by plaintiff of such amended complaint, and providing for a subsequent hearing and determination of the issues so presented.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, and FOOTE, JJ.

George W. Cole, of Salamanca, for appellants.
Hudson Ansley, of Salamanca, for respondent.

FOOTE, J. By their undertaking, entitled in this action and given pursuant to an order of the court in this action to the plaintiff, the defendants Greenwald and Alton Chemical Company agreed to—

"account for and pay to the plaintiff any sum which said plaintiff may be finally adjudged herein to be entitled to recover as and for his equity as

against the defendants Joseph C. Greenwald and the Alton Chemical Company in the wood already cut and now remaining on the premises described in the complaint."

By means of that undertaking, these defendants prevented plaintiff from having an injunction to restrain them from removing such wood from the premises during the pendency of this action, which injunction the court had held plaintiff entitled to unless such undertaking was given. But for this undertaking, we must assume that this wood would have remained upon the mortgaged premises until it had been determined by the judgment in the action whether it remained subject to the lien of plaintiff's mortgage, and, if not, what, if any, equitable right therein plaintiff had. Unless this be so, there would have been no useful purpose in the injunction which the court directed to issue in default of the undertaking. If the pleadings were not sufficient to permit the trial of such an issue, we must assume that the court would have permitted plaintiff to make them so by amendment.

[1] By their undertaking these defendants have not only prevented the issuing of the injunction, but they have succeeded in removing this wood from the premises without interference, and have taken it out of the state. They must now, we think, abide by the agreement contained in their undertaking, which is, in legal effect, that it be determined in this action whether they ought, in equity and good conscience, to account for and pay to plaintiff any sum of money on account of his equity in the wood which they have so been permitted to remove from the jurisdiction of the court and apply to their own uses. We think they are estopped by their undertaking from questioning the right of the plaintiff to have such a question determined in this action, and hence are estopped from questioning any appropriate amendment to the complaint to that end.

[2] We think they are also estopped by the judgment herein from raising the questions presented upon this appeal. The judgment is the law of the case as between themselves and the plaintiff, and they have not appealed from it. It expressly reserves the questions presented by the amended complaint for future determination in this action, in case the mortgaged premises failed to satisfy plaintiff's debt upon sale thereof, and it practically authorizes the amendments to plaintiff's complaint which have been allowed. In view of the form of this undertaking, it may well be that no amendment to the complaint was necessary; but, however that may be, we are unable to concur in the appellants' position that it was an idle form, and imposed no liability upon them, because under the pleadings plaintiff would not be in a position to enforce the liability which they purported to assume.

[3] Appellants further contend that the order permitting the amendments to the complaint is erroneous, in that it should have been granted on condition that defendants be relieved from liability under the undertaking, and that the judgment should be opened or vacated. There is no equitable basis for this position. The undertaking imports the implied, if not the express, consent and agreement that the issues added to the complaint by the amendments be determined in this action. It should not surprise or disappoint the makers of the undertaking if the courts require these issues to be so determined. Nor do we see any

necessity to open or vacate the judgment for the full protection of the defendants in presenting their defense to these issues. So far as the defense pleaded in their answers applies to the standing timber which has been sold under the decree, we think they waived that defense by not presenting it at the trial, and that, so far as the standing timber is concerned, that issue has been determined against them; but it is not res adjudicata in respect to the timber cut and lying on the ground at the time the undertaking was given, for the judgment expressly reserves the determination of all issues as to this cut timber. Hence the defendants are now in a position to maintain any defense they now have, or which they had before the trial, as to that issue.

Our conclusion is that the order appealed from is right, and should be affirmed, with $10 costs and disbursements to the respondent. All concur.

LAMBERT, J., not sitting.